**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

FILED

04 JAN 30 PM 3:51

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| **DIANE SMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. CV-02-S-1105-S** |
| | ) | |
| **MERITA BAKERY,** | ) | **ENTERED** |
| | ) | |
| **Defendant.** | ) | JAN 3 0 2004 |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

**MEMORANDUM OPINION**

Plaintiff filed an application under Section 706(f) of the Civil Rights Act of 1964, requesting the court to appoint an attorney to represent her, and to allow her to proceed without prepayment of fees, costs, or security.[1] The application was reviewed by the late Judge Edwin Nelson on May 2, 2002, who denied plaintiff's application for appointment of an attorney, partially granted her application to proceed without prepayment of fees, costs, or security, and required her to pay a partial filing fee of $25.00.[2] Judge Nelson also cautioned plaintiff:

> The application shall be treated as a complaint under one or more of the federal civil rights acts, and deemed filed on the date of application, but an amended complaint, complying with the Federal Rules of Civil Procedure (and, in particular, referring to the federal statute or statutes being invoked) and suitable for service on the defendant[s] named therein, shall be filed with the court within 30 days from the date hereof (unless extended by order of the court), failing which this cause shall be dismissed for want of prosecution. Service of process will not begin until the complaint is amended.[3]

---

[1] Doc. no. 2.

[2] Doc. no. 1.

[3] *Id.*

The case subsequently was assigned to Magistrate Judge Robert R. Armstrong. Judge Armstrong granted plaintiff an extension of time until July 22, 2002, to file her amended complaint and pay her filing fee.[4] Plaintiff paid the $25.00 filing fee on July 22, 2002, but she failed to file an amended complaint. Judge Armstrong took no further action until January 24, 2003, when he ordered plaintiff to inform the court by February 14, 2003, whether she did wish to proceed with her claims, and cautioned her that her case would be dismissed for failure to prosecute if she did not respond.[5] Plaintiff informed the court on February 14, 2003, that she wished to proceed with her claims,[6] and again requested the court to appoint her counsel.[7]

On May 15, 2003, Judge Armstrong appointed attorney Gregory Reid to evaluate

---

[4]Doc. no. 4.

[5]Doc. no. 5.

[6]The clearest statement of plaintiff's claims can be found in the EEOC charge she filed, a copy of which is appended to her application to proceed without paying fees and to have counsel appointed for her (doc. no. 2). There, she states:

> I was hired by the above-named employer [Merita Bakery] in August 1999, as a sales clerk/ general laborer. I never had a problem with my job performance or attendance. I was transferred to store # 263 in June 2001. Shortly after I went to work in Store # 263, a female coworker started subjecting me to harassment, intimidation and sexual harassment in the work environment, which I objected to. After I rejected the unwelcomed [sic] sexual advances from my coworker, she would make negative comments about me in the presence of customers and fellow employees. She complained to management about my inability to read or comprehend simple instruction, which is not true. I was suspended on December 5, 2001 and I was discharged on December 14, 2001.

> Larry Baugher, White Manager, told me I was discharged for threatening an employee, which I deny.

> I believe that I was discharged and discriminated against because of my sex, female and in retaliation for rejecting the sexual advance from a female coworker, which is in violation of Title VII of the Civil Rights Act of 1964, as amended.

[7]Doc. no. 6.

plaintiff's claims in accordance with Federal Rule of Civil Procedure 11, and to report his findings to the court within thirty days.[8]  If Reid believed "there [was] merit to the allegations," he would be required to represent plaintiff.[9]  Judge Armstrong granted Reid a 30-day extension of time to file his report.[10]  However, Reid did not file his report until December 13, 2003, much later than even the extended deadline set by Judge Armstrong. In the report, Reid stated that, upon his review of plaintiff's claims, he did not believe that the claims were being presented for an improper purpose, and he *did* believe the claims were warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law.[11]  *See* Fed. R. Civ. P. 11(b).[12]  However, he believed, after meeting with plaintiff on two occasions and evaluating the available evidence, that plaintiff's claims lacked a sufficient evidentiary foundation.  Accordingly, he stated that he could not "proceed

---

[8]Doc. no. 7.

[9]*Id.*

[10]Doc. no. 9.

[11]Doc. no. 10.

[12]The full text of Federal Rule of Civil Procedure 11(b) reads as follows:

**(b) Representations to Court.**  By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, —

**(1)** it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

**(2)** the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

**(3)** the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

in confidence to prosecute [plaintiff's] claim."[13]

After receiving Reid's report, Judge Armstrong sent a proposed order to this court, recommending that the action be dismissed without prejudice for failure to state a claim upon which relief could be granted.  The court regrets that plaintiff has been required to wait so long before her claims received proper attention by the court.  However, this court agrees with Judge Armstrong that the case should be dismissed.

28 U.S.C. § 1915 addresses actions commenced by persons proceeding *in forma pauperis*, and provides, in part, that:

> (2) *Notwithstanding any filing fee, or any portion thereof, that may have been paid*, the court shall dismiss the case at any time if the court determines that—
>
>> (A) the allegation of poverty is untrue; or
>>
>> (B) the action or appeal—
>>> (i)    is frivolous or malicious;
>>> (ii)   fails to state a claim on which relief may be granted; or
>>> (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2) (emphasis supplied).

After *two* consultations with plaintiff, and after a thorough review of the evidence, Reid concluded that there was such a severe lack of evidentiary support to plaintiff's claims that it would be unethical for him to represent plaintiff in pursuing those claims.  Further, Reid stated additional investigation would not likely produce evidence to support any of plaintiff's claims.  The court accepts Reid's report, which he submitted in his capacity as an

[13]Doc. no. 10.

officer of the court, and agrees that plaintiff's claims should be dismissed for failure to state a claim upon which relief may be granted.

An appropriate order will be entered contemporaneously herewith.

DONE this __30th__ day of January, 2004.

United States District Judge